# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSH J. NAVE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00291-JPH-MJD |
| | ) | |
| T. J. WATSON, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Petitioner Josh J. Nave, a current inmate of the Bureau of Prisons ("BOP") at Terre Haute, Indiana, brings this action pursuant to 28 U.S.C. § 2241 alleging that his sentence has been incorrectly calculated. Specifically, Nave asserts that the BOP incorrectly ordered him to serve his federal conviction consecutively instead of concurrently to his state convictions. He seeks credit for the time he served in jail from December 18, 2013, through April 27, 2015, and an Order directing that his federal sentence be served concurrently with his state term of imprisonment. Dkt. 1 at p. 10. For the reasons explained below, Nave's petition is denied.

## I.
## Standard

The Attorney General is responsible for calculating a federal prisoner's period of incarceration for the sentence imposed, and to provide credit for time served, for offenses committed after November 1, 1987. 18 U.S.C. § 3585; 28 C.F.R. § 0.96; *United States v. Wilson*, 503 U.S. 329, 331-32 (1992). The Attorney General has delegated that authority to the BOP. *See* 28 C.F.R. § 0.96. An inmate may challenge the BOP's computation of his sentence pursuant to 28 U.S.C. § 2241. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006), *cert. denied*, 549 U.S.

1152 (2007) ("Prisoners are entitled to administrative review of the computation of their credits . . . and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241.").

According to 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served."  Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

*Id.* The Seventh Circuit has made clear that § 3585(b) forbids the BOP from giving prior custody credit when that credit has been applied to another sentence. *See Grigsby v. Bledsoe*, 223 F. App'x 486, 489 (7th Cir. 2007); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

## II.
### Factual and Procedural Background

### A.  Nave's Relevant State of Missouri Convictions

On June 11, 2012, Nave was sentenced in Clay County, Missouri, Case Number 11CY-CR01889, to an 11-year total term of confinement for Resisting Arrest and Assault/Attempted Assault of a Law Enforcement Officer 2nd Degree. Nave spent 487 days in state custody (February

10, 2011-June 10, 2012). The Missouri Department of Corrections applied 487 days of credit against the 11-year term of confinement by utilizing a calculation start date of February 10, 2011.

### B. Mr. Nave's Federal Indictment and Sentence
### Case Number 5:12-cr-00363-DGK-10

On November 15, 2013, the United States District Court for the Western District of Missouri issued a Superseded Indictment on Nave for Count 1, Conspiracy to Distribute Methamphetamine, and Count 2, Money Laundering Conspiracy. *See* Case Number 5:12-CR-363-10-SJ-DGK ("W.D. Missouri") at dkt. 97.

On December 4, 2013, the U.S. Attorney's Office in the Western District of Missouri filed a Motion for Writ of Habeas Corpus ad Prosequendum, requesting the Missouri Eastern Correctional Center Warden to deliver custody of Nave to the U.S. Marshals, so that he may appear in United States District Court for the Western District of Missouri. *Id.* at dkts. 147 and 148. Dkt. 5-1 at ¶ 9 (Crowe Decl.).

Nave was transferred to federal custody on December 18, 2013, pursuant to a federal writ for prosecution, and remained in federal custody until April 27, 2015.  Dkt. 5-1 at ¶¶ 10; 12.

On December 4, 2014, Mr. Nave signed a plea agreement pleading guilty to Count 1 of the Superseded Indictment, Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine; and Count 2, Conspiracy to Commit Money Laundering. *Id.* at dkt. 411 at 1.

On April 21, 2015, Nave was sentenced to a 220-month federal term of imprisonment for Count 1, and a 220-month federal term of imprisonment for Count 2. Count 1 and 2 were ordered to be served concurrently, totaling a sentence of 220-months. The sentencing transcript shows the sentencing court did not order the 220-month term to be served concurrently with any other

sentence. The sentencing court also ordered Supervised Release upon release from imprisonment. The term of Supervised Release as to Count 1 was 5 years, and Count 2 was 3 years, both to run concurrently. *Id.* at dkt. 459 at 2-3; Dkt. 5-1 at ¶ 11 (referencing attached transcript).

Nave was returned to the custody of Missouri authorities on April 27, 2015, after satisfying the federal writ for his appearance in federal court. Dkt. 5-1 at ¶ 12.

On July 15, 2015, Nave was released from the Missouri Department of Corrections, via parole, to the exclusive custody of federal authorities. *Id.* at ¶ 13.

The BOP has prepared a sentence computation for Nave based on a 220-month federal term of confinement commencing on July 15, 2015, with one day of credit for October 25, 2010. Based on this calculation, Nave is currently scheduled for release from BOP custody, via Good Conduct Time Release (GCT), on July 5, 2031. *Id.* at ¶ 17.

### III.
### Discussion

Nave contends that his federal sentence should be served concurrently with his previously imposed state sentence. He further argues that he is entitled to credit on his federal sentence from December 18, 2013, through April 27, 2015, because at that time he was in the custody of federal authorities. Dkt. 11 at p. 3.  In response, the United States argues that Nave's sentence was properly calculated by the BOP.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Because Nave was subject to an 11-year undischarged state term of imprisonment at the time he received the federal sentence, and the federal sentencing court did not order the term of confinement on the federal sentence to

be served concurrently with the undischarged state term, § 3584(a) requires the federal sentence to run consecutive to Nave's state sentence.

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Here, Nave's 220-month federal term of confinement commenced on July 15, 2015, the date he came under exclusive federal custody. Dkt. 5-1 at ¶ 15. He was not entitled to any credit time towards his federal sentence prior to this date because 18 U.S.C. § 3585(b) precludes the application of credit for time that has already been credited against another sentence.

Nave was in the primary custody of state authorities from February 10, 2011, through July 14, 2015, and this time was credited toward his state term of imprisonment; therefore, none of this time is creditable against his federal term of confinement under § 3585(b). Dkt. 5-1 at ¶ 16, Dkt. 5-1 at p. 8. Because Nave was already credited for this time by the State of Missouri, he cannot obtain double credit by having that time applied to his federal sentence. *See* 18 U.S.C. § 3585(b); *Flick v. Blevins*, 887 F.2d 778, 782 (7th Cir. 1989) (finding that prisoner's "federal sentence could not commence when he was in custody at Terre Haute on the writ of habeas corpus ad prosequendum which did not act as a detainer" and that his "contention that he failed to receive credit for time spent in state custody after his detention at Terre Haute is without merit for he is requesting double credit for time spent under the authority of the Pennsylvania prison system").

Nave therefore has failed to demonstrate any error in the calculation of his sentence by the BOP.

**IV.**
**Conclusion**

Because there has been no error in the computation of the federal sentence, Nave's petition

for writ of habeas corpus will be denied and the action dismissed with prejudice.

Judgment in accordance with this Order shall issue.

**SO ORDERED.**

Date: 12/8/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JOSH J. NAVE
26557-045
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov